FILED - GR
November 7, 2011 12:36 PM
TRACEY CORDES, CLERK
U.S. DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
BY: iks /_____ SCANNED BY: MRS / 11/8

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

1:11-cv-1186
Paul L. Maloney, Chief Judge
U.S. District Judge

| | |
|---|---|
| JACQUELINE BARKMAN, | ) |
| Plaintiff, | ) |
| v. | ) Case No.: |
| ALPHA RECOVERY CORP, | ) Hon. |
| Defendant. | ) |

## COMPLAINT AND JURY DEMAND

Plaintiff, JACQUELINE BARKMAN (Plaintiff), through her attorneys, KROHN & MOSS, LTD., alleges the following against Defendant, ALPHA RECOVERY CORP (Defendant):

### INTRODUCTION

1. Count I of Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, *15 U.S.C. 1692 et seq.* (FDCPA).

2. Count II of Plaintiff's Complaint is based on the Michigan Occupational Code, *Mich. Comp. Law 339.901 et seq.* (MOC).

### JURISDICTION AND VENUE

3. Jurisdiction of this court arises pursuant to *15 U.S.C. 1692k(d)*, which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy."

4. Defendant conducts business in the state of Michigan, and therefore, personal jurisdiction is established.

5. Venue is proper pursuant to *28 U.S.C. 1391(b)(2)*.

## PARTIES

6. Plaintiff is a natural person residing in Edwardsburg, Cass County, Michigan.

7. Plaintiff is a consumer as that term is defined by *15 U.S.C. 1692a(3)* and *Mich. Comp. Law § 339.901(f)*, and according to Defendant, Plaintiff allegedly owes a debt as that term is defined by *15 U.S.C. 1692a(5)* and *Mich. Comp. Law § 339.901(a)*.

8. Defendant is a debt collector as that term is defined by *15 U.S.C. 1692a(6)* and *Mich. Comp. Law § 339.901(b)*, and sought to collect a consumer debt from Plaintiff.

9. Defendant is a collection agency with a business office in Greenwood Village, Colorado.

10. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

11. Defendant is attempting to collect a debt from Plaintiff on behalf of the original creditor, Beneficial Company, LLC, with an account number ending in 4045 (Defendant's account number 177930).

12. Plaintiff's alleged debt owed to Beneficial Company, LLC, arises from transactions for personal, family, and household purposes.

13. On September 16, 2011, Debt Counsel for Seniors and the Disabled (DCSD) faxed a cease and desist letter to Defendant. *See* DCSD's letter to Defendant and fax confirmation are attached as Group Exhibit A).

14. Defendant's fax number is 866-630-6881.

15. Defendant received the cease and desist letter attached as Exhibit A on September 16, 2011.

16. Despite receiving the cease and desist letter attached as Exhibit A, Defendant communicated with Plaintiff after September 16, 2011, in an attempt to collect a debt.

*See* Defendant's letter to Plaintiff dated September 26, 2011, attached as Exhibit B.

## COUNT I
## DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT

17. Defendant violated the FDCPA based on the following:

    a. Defendant violated *§1692c(c)* of the FDCPA by communicating with Plaintiff after Defendant received Plaintiff's cease and desist letter.

WHEREFORE, Plaintiff, JACQUELINE BARKMAN, respectfully requests judgment be entered against Defendant, ALPHA RECOVERY CORP, for the following:

18. Statutory damages of $1,000.00 pursuant to the Fair Debt Collection Practices Act, *15 U.S.C. 1692k*,

19. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, *15 U.S.C. 1692k*, and

20. Any other relief that this Honorable Court deems appropriate.

## COUNT II
## DEFENDANT VIOLATED THE MICHIGAN OCCUPATIONAL CODE

21. Plaintiff repeats and realleges all of the allegations in Count I of Plaintiff's Complaint as the allegations in Count II of Plaintiff's Complaint.

22. Defendant willfully violated the MOC based on the following:

    a. Defendant violated *§339.915(n)* of the MOC by using a harassing, oppressive, or abusive method to collect a debt.

WHEREFORE, Plaintiff, JACQUELINE BARKMAN, respectfully requests judgment be entered against Defendant, ALPHA RECOVERY CORP, for the following:

23. Statutory damages of $150.00 pursuant to the Michigan Occupational Code, *Mich. Comp. Law § 339.916(2)*,

24. Costs and reasonable attorneys' fees pursuant to the Michigan Occupational Code, *Mich. Comp. Law § 339.916(2)*, and

25. Any other relief that this Honorable Court deems appropriate.

## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff, JACQUELINE BARKMAN, demands a jury trial in this case.

DATED: November 3, 2011

RESPECTFULLY SUBMITTED,

KROHN & MOSS, LTD.

By: _____

Michael S. Agruss
Krohn & Moss, Ltd.
10 N. Dearborn Street, 3rd Floor
Chicago, Illinois 60602
Tel: 323-988-2400 x235
Fax: 866-583-3695
magruss@consumerlawcenter.com
Attorneys for Plaintiff

## VERIFICATION OF COMPLAINT AND CERTIFICATION

STATE OF MICHIGAN

Plaintiff, JACQUELINE BARKMAN, states the following:

1. I am the Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. I have filed this Complaint in good faith and solely for the purposes set forth in it.
6. Each and every exhibit I have provided to my attorneys which has been attached to this Complaint is a true and correct copy of the original.
7. Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified or fabricated these exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

Pursuant to 28 U.S.C. § 1746(2), I, JACQUELINE BARKMAN, hereby declare (or certify, verify or state) under penalty of perjury that the foregoing is true and correct.

10-18-11
Date

Jacqueline Barkman
JACQUELINE BARKMAN